UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

G & N INVESTMENTS, LLC                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:08CV-504-S

O'REILLY AUTOMOTIVE, INC.                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, O'Reilly Automotive, Inc. ("O'Reilly"), to dismiss or alternatively to transfer this action alleging breach of a 20-year lease agreement.

O'Reilly asserts that the matter should be dismissed Fed.R.Civ.P. 12(b)(3) for improper venue or, alternatively, transferred to the Eastern District of Wisconsin for the convenience of the parties and witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a).

The court must consider the issues of convenience and the interests of justice. Despite the choice of law provision establishing that Wisconsin law will apply, O'Reilly has not shown that the interests of justice would be best served by transferring this case to Wisconsin.

O'Reilly bears the burden of establishing that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)." *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 30; 108 S.Ct. 2239, 2244; 101 L.Ed.2d 22 (1988). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic

integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647, n. 1 (6th Cir. 2006), *quoting, Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

The sole factor favoring litigation in Wisconsin is a choice-of-law provision in the lease agreement. The situs of the leased property is Oshkosh, Wisconsin. G & N Investments, LLC ("G & N")alleges that it made improvements to the property in preparation for O'Reilly's tenancy under the agreement. O'Reilly never took possession of the property. Instead, it sought release from the lease agreement, stating that the property was not useful for its purposes. Despite the location of the property, the G & N chose to file suit in Kentucky.

G & N is a Kentucky limited liability company[1]. Its principal place of business is in Kentucky and its owner resides in Kentucky. G & N filed this action in state court. The action was removed by O'Reilly under our diversity jurisdiction. G & N's claims are founded upon a purported breach of contract in which Kentucky undoubtedly has some interest.

G & N apparently admits that the lease agreement was not executed in Kentucky. It urges that its choice to file suit in Kentucky should be respected and that there is no interest identified by O'Reilly which would make a compelling case for transfer of the action to another jurisdiction.

The choice-of-law provision designating Wisconsin law cannot alone carry the day. There is no forum selection clause in the agreement. To transfer the action to allow a Wisconsin federal court to apply Wisconsin law would be pointless. This court is fully capable of applying Wisconsin law should it control.

O'Reilly recites various considerations for transfer to "a more convenient forum," such as relative ease of access to proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining willing witnesses, possibility of view of premises, and other such

---

[1] While Christopher Gibson, the owner of G & N, does not state in his affidavit that G & N is organized under the laws of Kentucky, the Amended Complaint alleges that G & N is a Kentucky limited liability company.

practical concerns. However, O'Reilly offers nothing more than generalities. It has not identified any potential witnesses and their places of residence. There has been no showing that "potential witnesses" would find greater convenience in being hailed into court in Wisconsin as opposed to Kentucky. No other argument has been offered beyond a mere suggestion that a view of the leased property might be appropriate.

The location of witnesses and evidence would not appear to be of significant concern in the court in this case. There is little physical evidence to be concerned with, as the lease was apparently never performed by O'Reilly. G & N is the party who should have a concern, if anyone, over evidence located in Wisconsin, as it claims to have made improvements to the leased property for O'Reilly. However, G & N wishes to keep the action here, despite any potential inconvenience in gathering evidence. It has not been shown that the interests of justice would be served by a transfer of this action to Wisconsin, where potential witnesses have not been identified, and where access to physical evidence would seem to be a non-issue.

The plaintiff's choice of forum is to be accorded deference unless the interests of justice favor transfer. We conclude that O'Reilly has failed to carry its burdens to establish that transfer of this litigation would be in the interest of justice.

Finally, although O'Reilly urges dismissal under Fed.R.Civ.P. 12(b)(3), it argues only that "this lawsuit has virtually no connection with the Commonwealth of Kentucky." Motion to Dismiss, p. 3. In its reply brief, O'Reilly makes clear its position that "the relevant question in this motion is not whether the parties have sufficient minimum contacts with Kentucky for the Court to exercise personal jurisdiction. The question is whether the convenience of the parties and witnesses, the interests of justice, and the interests of judicial economy would be better served by dismissing or transferring this action to a more appropriate district." Reply Brief, p. 1. Nothing more need be said concerning improper venue under Fed.R.Civ.P. 12(b)(3).

- 4 -

Motion having been made and for the reasons stated hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, O'Reilly Automotive, Inc., for leave to file a first amended complaint (DN 6) being unopposed is **GRANTED**, and to dismiss or for transfer of venue (DN 5) is **DENIED**.

**IT IS SO ORDERED.**